**SO ORDERED.**

**Dated: October 26, 2022**

_Daniel P. Collins, Bankruptcy Judge_

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

JURIS DUCET, LLC,

Debtor.

Chapter 7

Case No. 2:21-bk-06077-DPC

**ORDER APPROVING TRUSTEE'S MOTION FOR AUTHORITY TO SELL, THROUGH AN ONLINE AUCTION, REAL AND PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363**

**(Real Property at 1009 County Road 123 Oakland, Arkansas 72661 (Approximately seven acres; Marion County APN 001-03128-002 and any of Debtor's personal property located at the Real Property)**

This matter was brought before the Court for hearing on October 24, 2022, at 10:00 a.m. ("Hearing") on the *Trustee's Motion for Authority to Sell, Through an Online Auction, Real Property and Personal Property of the Estate, Free and Clear of Liens, Claims, and Interests, Pursuant to 11 U.S.C. § 363* filed on September 28, 2022 at Docket No. ("DN") 61 ("Motion") by the chapter 7 trustee, Jill H. Ford ("Trustee"). Through the Motion, the Supplement to the Motion (DN 63), and the Reply in support of the Motion (DN 67), the Trustee requested the Court authorize the Trustee to sell, through an internet auction, the Debtor's real property

located in the State of Arkansas in Marion County, at 1009 MC 123, Oakland, AR 72661 ("Real Property") and any personal property of the Debtor located therein (collectively, the Sale Property") free and clear of liens, claims and interests. The Motion and notice of hearing regarding the Motion (DN 62) ("Notice of Hearing") were properly noticed to all parties-in-interest as evidenced by the *Certificate of Mailing* on file with the Court at DN 66. The Notice of Hearing provided that any objection to the Motion must be filed with the Court on or before October 18, 2022. There was one objection ("Objection") to the Motion filed by WBL SPO I, LLC ("WBL") at DN 65.

The Court has considered the Motion, the supplement to the Motion, the reply to the Motion (collectively, the "Trustee's Sale Court Filings") and the Objection. The Court considered the statements and arguments of counsel for the Trustee and counsel for WBL at the Hearing. The Court finds the Trustee's efforts to market and sell the Sale Property are satisfactory under the facts and circumstances of this case. The Court further finds the Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion. Accordingly, this Court having determined that the legal and factual basis set forth in the record established just cause for the relief granted herein, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

A. This Court has jurisdiction to hear the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (N). The statutory predicate for the relief requested herein is Section 363 of the United States Bankruptcy Code.

B. The Motion and Notice of Hearing submitted by the Trustee to this Court and mailed by the Trustee to the persons and entities identified in the certificates of mailing on file with the Court is sufficient notice under Fed.R.Bankr.P. 6004 and 2002(a)(2).

C. Except as amended herein, the Motion is approved in its entirety, pursuant to 11 U.S.C. § 363(f).

D. The Objection is overruled.

E. The Trustee is authorized to sell the Sale Property through the online eBay auction identified in the Trustee's Sale Court Filings ("Auction") with the assistance of the Trustee's auctioneer, BKAssets.com, LLC ("Auctioneer") to the highest and best bid.

F. The terms of the "Opening Offer" from Bill Reeser for $250,000 set forth in the Motion are approved subject to higher and better bids at the Auction.

G. With the exception of any real property taxes encumbering the Sale Property ("Property Taxes"), the sale of the Sale Property is free and clear of all liens, claims and interests, pursuant to 11 U.S.C. §363(f), including the following liens, claims or interests:

1. The mortgage held by World Business Lenders recorded in the Office of the Marion County, State of Arkansas, Recorder's Office as Document No. 2021-02925, and assigned to WBL on or about October 22, 2021, based upon the assignment recorded on that date in the Office of the Marion County, State of Arkansas, Recorder's Office and any other lien rights of WBL, including any Notice of Lis Pendens ("WBL Lien");

2. The mortgage agreement involving Rickey Clinton Butler and Larraine D. Butler recorded on August 6, 2021, in the Office of the Marion County, State of Arkansas, Recorder's Office as Document No. 2021-02926; and

3. Any interest of Wayne Paul Messner and/or Heidi Messner in the Sale Property.

H. The Sale Property is sold on an "as is, where is" basis with no warranties of any nature to any buyer by the Trustee, the bankruptcy estate, the Trustee's professionals, representatives, agents and counsel, including Witthoft Derksen, P.C. and the Auctioneer, and such sale is subject to any and all existing conditions.

I. The buyer shall be responsible for obtaining any title insurance policy, for all Property Taxes, any closing costs, and any other fees or costs associated with the transfer of the Sale Property, at buyer's sole cost and expense. The Trustee and this bankruptcy estate shall not be responsible for any title insurance policy, any Property Taxes, closing costs, or any other fees or costs associated with the transfer of the Sale Property. All such fees and costs are solely the responsibility of the buyer. Title shall be conveyed by the Trustee to the buyer by quit claim deed or trustee's deed. The Trustee shall be authorized to execute any documents reasonably necessary to effectuate the sale contemplated by the Trustee's Sale Court Filings.

J. The buyer shall have the responsibility to abate and/or remediate any environmental issues and any other issues concerning the Sale Property. The Trustee, her employees, and her professionals, including Witthoft Derksen, P.C. and the Auctioneer shall have no personal liability for any claim asserted by any party stemming from any environmental issues or other issues concerning the Sale Property.

K. The closing of the sale of the Sale Property shall occur within ten (10) days upon completion of the Auction unless extended in writing by the Trustee.

L. The Trustee shall be authorized to execute any documents reasonably necessary to effectuate the sale of the Sale Property, including a quit claim or trustee's deed and a release of the lis pendens recorded by the Trustee in Marion County. However, under no circumstances shall any document executed by the Trustee to effectuate the sale of the Sale Property be deemed to expand or increase the level of liability of the Trustee or this bankruptcy estate above that level set forth in the Trustee's Sale Court Filings, this Order, the

Bankruptcy Code, and/or the Bankruptcy Rules. Without limiting the generality of the foregoing, nothing in any such documentation executed by the Trustee (including any document requested by a title company or any other party) shall be effective to cause or create (a) any indemnification obligation on behalf of the Trustee or this bankruptcy estate, or (b) any reimbursement or other payment obligation on behalf of the Trustee or this bankruptcy estate.

    M.    The proceeds from the sale of the Sale Property shall be disbursed as follows:

        a.    Payment of Auctioneer's commission of 5% the gross sale price for the Sale Property plus the Auctioneer's costs of $4,803.79 set forth in DN 68; and

        b.    All the remaining sale proceeds ("Net Sale Proceeds") shall be disbursed to the bankruptcy estate to be held by the Trustee in her trust accounting pending further order from the Court resolving adversary number 2:22-ap-00222-DPC ("WBL Adversary Proceeding").

    N.    Until the Court enters an order to the contrary, the WBL Lien shall encumber the Net Sale Proceeds.

    O.    The Court finds cause to waive the stay under Bankruptcy Rule 6004(h).

**DATED AND SIGNED ABOVE.**